Filed 4/6/26  P. v. Contreras CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. STEVEN ERIK CONTRERAS, Defendant and Appellant. | F089090 (Super. Ct. No. F22907818) **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Hill, P. J., Franson, J. and Meehan, J.

Appointed counsel for appellant, Steven Erik Contreras, asked this court to review the record to determine whether there are any arguable issues on appeal. (See *People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief that sets forth the relevant facts of the case.

Appellant was advised of the right to file a supplemental brief within 30 days. More than 30 days elapsed, and we received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

In September 2024, appellant was charged by amended information with one count of committing a lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)). The information included an enhancement alleging appellant had suffered a prior strike conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and allegations that three aggravating factors were present, including a particularly vulnerable victim, taking advantage of a position of trust, and prior convictions (Cal. Rules of Court, rule 4.421(a)(3), (11) & (b)(2)). Appellant proceeded to trial.

The victim, Iris A., testified at trial to events that happened around February 20, 2020, when she was 11 years old. Iris explained that appellant and Iris's mother were in a relationship at the time and appellant frequently stayed at the apartment shared by Iris, her two brothers, and her mother. Iris said that she regularly slept in a toddler bed with her youngest brother, who was around one year old, and would frequently be called on to care for him during the night.

The night of the incident, Iris's baby brother woke up wanting a bottle. Appellant, who had been staying in Iris's mother's room, came out and took care of the feeding. After doing so, appellant placed the baby on the living room couch, came to Iris in her

room, and asked if she wanted to sleep on the couch as well. Iris said yes, and appellant took her to the couch where she fell asleep.

Around 4:00 a.m., Iris awoke and felt appellant rubbing on her vagina over her clothing. Appellant was seated on the floor by the couch. Appellant moved his hand under Iris's sweatpants but above her underwear and continued his conduct. When he attempted to place his hand in her underwear, Iris rolled over to stop appellant. Appellant then began rubbing Iris's butt in an area near her vagina. Iris eventually rolled over again and looked at appellant. This caused appellant to stop touching Iris, get up, and go outside onto the balcony. Iris said it appeared appellant had been touching his private area with his other hand.

Iris went to tell her mother about the incident, but appellant reentered the apartment, and Iris could not wake her mother. The next day, Iris told her mother what happened. The police were called, and Iris was eventually interviewed by a forensic interviewer. At that interview, she recounted her experience in a similar manner to how she testified at trial, although there were some differences. The video of this interview was played for the jury. Iris's mother testified that she and appellant both used methamphetamine that night and engaged in sexual activity between one and two in the morning, which ended because she fell asleep during the conduct.

Appellant testified at trial and denied the alleged touching occurred and many details of Iris's testimony. He also denied any sexual activity with Iris's mother the night of the allegations. Appellant explained that he had undergone hand surgery the prior December. According to appellant, the middle finger on his left hand was still in a splint at the time of the allegations. Appellant further argued Iris may have been mad about getting in trouble for having her mother's phone the morning she made her allegations.

In rebuttal, the People called an expert to testify on the concept of Child Sexual Abuse Accommodation Syndrome, which attempts to understand the intersection between child development and being a victim of child sexual abuse. The expert

3.

described the five behavior patterns associated with the syndrome and emphasized that these behaviors should not be used as diagnostic tools.

The jury ultimately found appellant guilty of committing a lewd act upon a child. Appellant waived his right to a jury trial on the aggravating factors and admitted to suffering a prior strike conviction. After a hearing, the court found true two of the alleged aggravating factors but concluded the victim was not particularly vulnerable for the third. During those proceedings, appellant waived his right to be present and asked the court to proceed in absentia.

At sentencing, the trial court rejected appellant's invitation to strike his prior strike conviction and imposed the midterm sentence of 12 years. Appellant was granted 243 days of presentence custody credit, ordered to pay certain fines and fees, and ordered to register as a sex offender under Penal Code section 290.

This appeal timely followed.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.